**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID WILSON,

                Plaintiff,                      Case Number: 05-60249

v.                                      HON. JOHN CORBETT O'MEARA

CAROLYN ZADER, ET AL.,

                Defendants.

                                            /

**ORDER OF SUMMARY DISMISSAL**

Plaintiff David Wilson has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff, who is currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan, is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1).  After careful consideration, the court dismisses defendants Misner and Dillard without prejudice because Plaintiff fails to establish exhaustion of his administrative remedies with respect to these two defendants as required by 42 U.S.C. § 1997e(a), and the remaining defendants pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted.

---

[1]      28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

## I.

Plaintiff's claims arise from his placement in administrative segregation. Plaintiff is an HIV-positive prisoner. On June 20, 1997, he was found guilty of a sexual misconduct charge while incarcerated and, as a result of that conviction, was placed in administrative segregation. He remained in administrative segregation until he was discharged from the Michigan Department of Corrections on September 1, 2000. Plaintiff was re-incarcerated on January 6, 2005. Upon his re-incarceration, he was again placed in administrative segregation based upon the 1997 sexual misconduct conviction.

Plaintiff alleges that his placement in administrative segregation violated his rights to due process and equal protection of the law, and constitutes cruel and unusual punishment. Plaintiff asserts these claims against all of the defendants named in the complaint. Plaintiff also alleges that defendants Dillard and Misner have misplaced or destroyed certain of his legal documents in retaliation for his filing grievances and pursuing the pending complaint in federal court.

## II.

The United States Supreme Court has held that there exists no liberty interest protected by the Due Process Clause in remaining free from administrative segregation unless the segregation constitutes a:

> restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own

force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995).

The Sixth Circuit Court of Appeals has held that placement in administrative segregation for 13-1/2 years does not constitute an atypical and significant hardship on the inmate.  Underwood v. Luoma, 107 Fed. Appx. 543, 545 (6th Cir. 2004).  *See also* Williams v. Vidor, 67 Fed. Appx. 857 (6th Cir. 2003) (holding that placement in administrative segregation for ten years was not an atypical and significant hardship); McMann v. Gundy, 39 Fed. Appx. 208 (6th Cir. 2002) (five years not an atypical and significant hardship).  Plaintiff has been in administrative segregation for a total of almost four years.  Plaintiff fails to show that this constitutes an atypical and significant hardship, and his due process rights, therefore, are not implicated.

Plaintiff alleges that his continued confinement in administrative segregation violates his due process rights because he will not be released on parole while he is confined in administrative segregation.  "The fact that [] administrative segregation placement may have a negative implication on" a prisoner's parole eligibility "is a collateral consequence of . . . placement in administrative segregation that is insufficient to create a liberty interest."  Randolph v. Campbell, 25 Fed. Appx. 261, 263 (6th Cir. 2001).  Plaintiff, therefore, cannot maintain a due process claim under § 1983.

Plaintiff also alleges that his placement in administrative segregation violates his rights under the Equal Protection Clause because other inmates who were convicted of

3

more serious misconduct charges are not housed in administrative segregation.  An equal

protection claim under the Fourteenth Amendment requires a state actor's intentional

discrimination because of the plaintiff's membership in a protected class.  McCleskey v.

Kemp, 481 U.S. 279, 292 (1987).  Plaintiff does not allege that he is a member of a

protected class.  Therefore, he fails to state a claim upon which relief may be granted.

Plaintiff further challenges his administrative segregation on the ground that it

violates his right to be free from cruel and unusual punishment.  To establish an Eighth

Amendment violation, a prisoner must show that he was deprived of "the minimal

civilized measure of life's necessities."  Rhodes v. Chapman, 425 U.S. 337, 347 (1981).

Placement in segregation is a routine discomfort that is "part of the penalty that criminal

offenders pay for their offenses against society."  Id.  Plaintiff fails to allege that he was

denied basic needs and requirements. Therefore, he fails to state a claim upon which relief

may be granted with respect to his Eighth Amendment claim.

Finally, Plaintiff alleges that defendants Dillard and Misner have misplaced or

destroyed certain of his legal documents in retaliation for his filing grievances and

pursuing the pending complaint in federal court.  A prisoner must exhaust his

administrative remedies prior to filing an action regarding prison conditions pursuant to

42 U.S.C. § 1983.  42 U.S.C. § 1997e.  The Sixth Circuit has held that, to comply with the

requirements of § 1997e(a), a prisoner must:

> [P]lead his claims with specificity and show that they have been exhausted
> by attaching a copy of the applicable administrative dispositions to the
> complaint or, in the absence of written documentation, describe with

specificity the administrative proceeding and its outcome.

Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

Plaintiff fails to show that he has exhausted his administrative remedies with

respect to these two defendants.  His claims against these two defendants shall therefore

be dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

### III.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's complaint is

**DISMISSED**.  The dismissal is without prejudice as to defendants Dillard and Misner.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of

Counsel is **DENIED AS MOOT**.


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated:  November 9, 2005